## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| MEGAN EUBANKS, | Case No. 23-CV-1245 (ECT/JFD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| MICHAEL SEGAL, Warden, | |
| Respondent. | |

Petitioner Megan Eubanks pleaded guilty in the United States District Court for the Western District of Missouri to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841 and one count of carrying, possessing, or using a firearm in furtherance of a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i). *See United States v. Eubanks*, No. 4:18-CR-0159 (W.D. Mo.). Ms. Eubanks is now detained at the Federal Correctional Institution in Waseca, Minnesota.

In the petition for a writ of habeas corpus now before the Court, Ms. Eubanks contends that the Federal Bureau of Prisons has wrongfully withheld time credits owed to her under the First Step Act of 2018 ("FSA") and that her detention is likely to be carried out beyond the date on which she should be released from prison. The petition is before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] The case has been referred to the undersigned United States

---

[1] Ms. Eubanks's petition is not governed by 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to the petition. *See* Rule 1(b).

1

Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. After review, the Court recommends that the petition should be summarily denied as frivolous.

The FSA offers 10 or 15 days of time credits per month to most prisoners who participate in evidence-based recidivism reduction programming, and those time credits can then be used to accelerate the prisoner's release date. See 18 U.S.C. § 3632(d)(4)(A). The FSA could not be clearer, however, that persons convicted under § 924(c) are ineligible to receive time credits. *See* 18 U.S.C. § 3632(d)(4)(D)(xxii). Ms. Eubanks pleaded guilty to having violated § 924(c). She is therefore ineligible for time credits under the FSA. This could not be a more straightforward case.

Ms. Eubanks nevertheless contends in her habeas petition that she is entitled to time credits because the FSA does not single out convictions under § 924(c)(1)(A)(i) as making persons ineligible for time credits. *See* Petition at 6 [Dkt. No. 1]. No such specification would have been necessary, though, as *all* convictions under § 924(c) render a prisoner ineligible to receive time credits. *See* 18 U.S.C. § 3632(d)(4)(D)(xxii). Nor does it matter, as Ms. Eubanks argued before the BOP during administrative review of her petition, that a conviction under § 924(c) is not a violent offense. Ms. Eubanks is not precluded from receiving FSA credits because she was found to have committed a violent offense. She is precluded from receiving FSA credits because she was convicted of violating § 924(c), and the FSA states in plain terms that persons who are in prison because they violated § 924(c) are ineligible to receive time credits.

A pleading is frivolous where it lacks even an arguable basis in law. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Ms. Eubanks's claim is squarely foreclosed by the FSA itself. She lacked a good-faith basis for bringing this action. Her habeas petition should be denied accordingly.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Megan Eubanks (Dkt. No. 1) be **DENIED**.

2. This matter be **DISMISSED**.

Dated: May 19, 2023         _s/ John F. Docherty_____
                            JOHN F. DOCHERTY
                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).